

# The Attorney General of Texas

May 2, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Senate Education Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No.  JM-154

Re:  Whether a private secondary
institution    may    withhold    a
student's    academic    records
because of unpaid tuition

Dear Senator Parker:

You have requested an opinion regarding whether a private high school which participates in a federal lunch program and is accredited by the Texas Education Agency may withhold a former student's records because of unpaid tuition. You ask whether the school's action violates the Texas Open Records Act or the Federal Family Educational Rights and Privacy Act of 1974. Finally, you wish to know what remedy is available to the student.

Since this case involves a private school which receives no funding from the state of Texas, the Open Records Act, article 6252-17a, V.T.C.S., does not apply. The act is limited to "information collected, assembled, or maintained by governmental bodies." V.T.C.S. art. 6252-17a, §3(a). Section 2(1) defines "governmental body" as, _inter alia_,

> (F) the part, section, or portion of every organization, corporation, commission, committee, institution, or agency which is _supported in whole or in part by public funds_, or which expends _public funds. Public funds as used herein shall mean funds of the State of Texas or any governmental subdivision thereof_ . . . . (Emphasis added).

A private school would come within the ambit of the act if it came under section 2(1)(F). Although the private school receives federal funds, we understand that it does not receive any state funds. As a result, it is not a governmental body under the statute and is not bound by the disclosure requirements of the Open Records Act.

The Family Educational and Privacy Rights Act sets forth conditions for availability of federal funds to educational agencies or institutions. It provides:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy of denying, or which effectively prevents, the parents of students who are or have been in attendance at a school of such agency or at such institution, as the case may be, the right to inspect and review the education records of their children . . . .

20 U.S.C. §1232g(a)(1)(A).

The private school involved receives federal lunch program funds. Section 1232g(a)(1)(A) requires any educational institution, public or private, to permit parents to inspect their children's records or risk losing federal funds. Thus, if the school wishes to continue to receive federal funds under this provision, it must allow the parents to see their child's academic records. It is important to note that the federal statute does not require the school to provide or forward an official transcript. It provides only that the parents be allowed to "inspect and review" the records.

The student and her parents, however, have no remedy under the federal statute. The enforcement provision reads:

> The Secretary, or an administrative head of an education agency, shall take appropriate actions to enforce provisions of this section and to deal with violations of this section, according to the provisions of this chapter, except that action to terminate assistance may be taken only if the Secretary finds there has been a failure to comply with the provisions of this section, and he has determined that compliance cannot be secured by voluntary means. (Emphasis added).

20 U.S.C. §1232g(f). The statute provides no private right of action. Girardier v. Webster College, 563 F.2d 1267 (8th Cir. 1977). According to the Joint Statement in Explanation of the Buckley/Pell Amendment, the Secretary of Health, Education and Welfare [now the Department of Health and Human Services] is responsible for enforcement of the act. Id. at 1276. The language of subsection (f) also indicates that the head of the Texas Education Agency is authorized to enforce the statute. Thus, the student and her parents may seek intervention by the appropriate official to compel the school to comply but may not take direct action against the school.

The school's refusal to abide by section 1232g might also lead to measures concerning its accreditation under the rules promulgated by the State Board of Education pursuant to section 11.26(a)(5) of the Education Code. An accredited school must demonstrate "continuous performance" throughout a five year cycle, in part by "maintaining

satisfactory status with respect to principles and standards." 19 T.A.C. §97.72(c)(1). The principles and standards are listed in sections 97.92 through 97.101. The second principle requires "continuous compliance with constitutional and statutory law." 19 T.A.C. §97.93. Subsection (1) provides:

> Standard A. The board of trustees keeps informed on applicable law, makes reliable interpretations thereof, and monitors compliance of its operations with law.
>
> (Note 1: The board is legally responsible for law-abiding operations. Reliance by the board solely upon external monitoring and evaluations to test compliance with some law, does not necessarily meet this standard.)
>
> (Note 2: Proven noncompliance with law makes a district liable to accreditation sanctions. Noncompliance quickly corrected by the district may not evoke punitive sanctions, but can raise questions about the adequacy with which this standard is being met.) (Emphasis added).

A school's failure to comply with the Federal Family Educational Rights and Privacy Act may, therefore, result in accreditation sanctions as provided by the regulations.

## S U M M A R Y

> A private secondary institution is not required to release academic records to a student or her parents or forward them as requested under the Open Records Act because it receives no state funds and may not be considered a "governmental body" within the act. The Federal Family Educational Rights and Privacy Act requires any school which receives federal funds to allow a student's parents to inspect and review her records. Failure to comply with the federal statute may cause the school to lose federal funds and state accreditation, but the student has no private right of action against the school.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton